UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARICULTURA DEL NORTE, S. De R.L. De C.V. and SERVAX BLUE, S. DE R.L. DE C.V.

          Plaintiffs,

v.

WORLDBUSINESS CAPITAL, INC.; OVERSEAS PRIVATE INVESTMENT CORPORATION; UMAMI SUSTAINABLE SEAFOOD, INC.; CRAIG A. TASHJIAN; and AMERRA CAPITAL MANAGEMENT, LLC,

          Defendants.

Case No. 14-cv-10143 (CM) (KNF)

## DECLARATION OF STEVEN M. BIERMAN

Pursuant to 28 U.S.C. § 1746, STEVEN M. BIERMAN declares:

1. I am an attorney admitted to practice in New York and before this Court, and a partner of the law firm of Sidley Austin LLP ("Sidley") in the New York office. I submit this declaration in connection with the opposition of Defendants AMERRA Capital Management, LLC ("AMERRA") and Craig A. Tashjian to Plaintiffs' motion to disqualify Sidley as their counsel in this action.

2. Prior to being engaged to represent AMERRA and Mr. Tashjian in this action, my colleague Joel Mitnick informed me that a search of Sidley's conflicts database had been performed and that the search had not identified any conflict that would preclude Sidley from representing AMERRA and Mr. Tashjian in the action. I also reviewed the conflicts report and confirmed that it did not indicate that either plaintiff in the action had ever been a client of Sidley.

3. On January 16, 2015, Mr. Mitnick informed me that he had received a call from

1

Plaintiffs' counsel, who said they had an email communication dated February 25, 2013, between a Mexican lawyer representing their clients and a Sidley partner, Steven R. Selsberg of Sidley's Houston office, in which the lawyer provided confidential information to Mr. Selsberg concerning this matter. Plaintiffs' counsel told Mr. Mitnick that their clients would not be willing to waive any conflict of interest that Sidley may have and requested that Mr. Mitnick look into the issue and that Sidley consider voluntarily withdrawing as counsel in this action.

4. At no point have I had any conversations with Mr. Selsberg regarding the subject matter of this action. Nor was I aware that Mr. Selsberg had been a party to any alleged communications with anyone regarding the subject matter of this action until Mr. Mitnick told me on January 16, 2015, about his call with Plaintiffs' counsel.

5. On January 16, 2015, shortly after speaking with Mr. Mitnick, I received by email a memo from Sidley's Committee on Professional Responsibility informing me that Sidley had set up an ethical screen between Mr. Selsberg and everyone else at the Firm who was assigned to work on this action. Specifically, I was instructed that I, and any other members of the team working on this action, may not work with or have any communications with Mr. Selsberg concerning this action. I have abided and will continue to abide fully by the terms of this ethical screen.

6. I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Executed on February 17, 2015 in New York, New York.

_/s/ Steven M. Bierman_
Steven M. Bierman