# ZIMMET BIEBER LLP

Brian J. Zimmet *
Bruce W. Bieber +

Olga Batsedis
Claire Tierney
Anjie Koul**

Of Counsel
Kevin H. Cohen
Daniel A. Timins
Daniel W. Nieroda, Jr.

ATTORNEYS AT LAW
437 Madison Avenue, 40th Floor
New York, New York 10022
Telephone: (212) 922-1330
Facsimile: (212) 922-0815
Website: www.zblaw.com

Westchester Office
30 Glenn Street
White Plains, New York 10603
(914) 502-4885

*Also Admitted in NJ
+Also Admitted in CT
**Also Admitted in FL

October 30, 2015

VIA FEDERAL EXPRESS

Hon. Colleen McMahon
United States District Court
Southern District of New York
500 Pearl Street, Room 1640
New York, New York 10007

   Re: WorldBusiness Capital, Inc., Umami Sustainable Seafood, Inc.,
     et al. adv. Maricultura del Norte, S. de R.L. de C.V. and Servax
     Bleu, S. de R.L. de C.V.
     Case Number: 1:14-cv-10143 (CM)

Dear Judge McMahon:

  Defendants, Umami Sustainable Seafood, Inc. and WorldBusiness Capital, Inc. (collectively, "Defendants") write to inform the Court of recent developments in the Mexican Foreclosure Proceedings that are relevant to the Motions to Dismiss that are *sub judice* in this matter. As discussed in the motion papers, when the Motions to Dismiss were briefed, Plaintiff, Maricultura Del Norte, S. de C.V.'s ("Marnor") direct "Amparo" appeal of the underlying judgment against it in the Foreclosure Proceedings was pending. On September 10, 2015, the Mexican court presiding over Marnor's Amparo appeal issued an opinion denying the appeal. Details of this opinion, and of Marnor's subsequent attempt to appeal this decision to the Federal Supreme Court of Mexico, are discussed in the accompanying declaration of Defendants' Mexican law expert Rodrigo Zamora.

              Respectfully submitted,

              ZIMMET BIEBER LLP

              Bruce W. Bieber

BWB/nt
Enc.

## ZIMMET BIEBER LLP

Hon. Colleen McMahon
October 30, 2015
Page 2

cc:  Martin Siegel, Esq. via email
     Andrew J. Gallo, Esq. via email
     Jacob C. Cohn, Esq. via email
     Ilan Rosenberg, Esq. via email
     Peter Kohn, Esq. via email
     Steven M. Bierman, Esq. via email
     Joel M. Mitnick, Esq. via email
     Alan M. Unger, Esq. via email

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MARICULTURA DEL NORTE, S. DE R.L. DE C.V.<br><br>and<br><br>SERVAX BLEU, S. DE R.L. DE C.V.<br><br>Plaintiffs,<br><br>v.<br><br>WORLDBUSINESS CAPITAL, INC.,<br><br>OVERSEAS PRIVATE INVESTMENT CORPORATION,<br><br>UMAMI SUSTAINABLE SEAFOOD, INC.,<br><br>CRAIG A. TASHJIAN,<br><br>and<br><br>AMERRA CAPITAL MANAGEMENT, LLC<br><br>Defendants. | Case No. 1:14-cv-10143(CM) |

### SECOND ADDITIONAL DECLARATION OF RODRIGO ZAMORA

I, Rodrigo Zamora declare as follows:

1. I have been asked by counsel for WorldBusiness Capital, Inc. ("WBC") and Umami Sustainable Seafood, Inc. ("Umami" and collectively with WBC, "Defendants") to opine on issues concerning the Direct Amparo Judgment, issued on September 10, 2015, by the Sixth Federal Circuit Court of the Auxiliary Center of the Third Region in assistance of

the Fifth Federal Circuit Court of the Fifteenth Circuit (the "Direct Amparo Judgment").[1]

2. The opinions contained herein are based upon my understanding of Mexican law and procedure, my review of documents filed in the Foreclosure Proceedings in Mexico, and my discussions with Umami's counsel in the Foreclosure Proceedings.

3. In order to issue this opinion, I was provided with and reviewed the Direct Amparo Judgment and the Order dated October 26, 2015, issued in Amparo claim 1/2015, in addition to the materials I reviewed in connection with issuing my prior opinions in this case. A complete list of the documents that I took into consideration in the preparation of this declaration is attached as Annex E.

4. In formulating my opinions on the issues raised in this case, I have relied, in part, on my education, training and years of professional experience as a legal practitioner, as well as my general familiarity with Mexico, Mexican law and the Mexican legal system. I have also consulted and reviewed the sources of Mexican law cited herein.

5. In my opinion, for the reasons set forth below, **(i)** a Direct Amparo Judgment has been issued in Umami's favor; **(ii)** the Direct Amparo Judgment has been further appealed by Marnor; and **(iii)** the Fifth Federal Circuit Court of the Fifteenth Circuit has indicated that the Direct Amparo Judgment does not decide on the constitutionality of a law nor does it directly interpret an article of the Federal Constitution.

### A. Direct Amparo Judgment

6. As described in my First Declaration (paras. 50 through 53), the final challenge that a party can file in a Mexican judicial proceedings is called a direct amparo claim (*Juicio de Amparo Directo*). On November 27, 2014, Maricultura del Norte, S. de R.L. de C.V.'s ("Marnor", and collectively with Servax Bleu, S. de R.L. de C.V., "Plaintiffs"), filed an Amparo claim against the Appeals Judgment.[2]

7. Marnor's Amparo claim was received by the Fourth Federal Unitary Court of the Fifteenth Circuit (*Cuarto Tribunal Unitario del Décimoquinto Circuito*), which by order dated November 28, 2014 forwarded the Amparo claim to a Federal Circuit Court of the Fifteenth

---

[1] All capitalized terms included herein, not otherwise defined, shall have the meaning given to them in the undersigned's Declaration dated March 25, 2015 (the "First Declaration") and Additional Declaration dated June 11, 2015 (the "Second Declaration").

[2] Marnor's Amparo claim (*Demanda de Amparo Directo*), dated November 25, 2014.

Case 1:14-cv-10143-CM   Document 90   Filed 10/30/15   Page 5 of 10

3

Circuit (*Tribunal Colegiado del Décimoquinto Circuito*).

8. The Amparo claim was assigned to the Fifth Federal Circuit Court of the Fifteenth Circuit (*Quinto Tribunal Colegiado del Décimoquinto Circuito*) with docket number 1/2015. In turn, and in accordance with certain internal regulations of the Federal Judicial Branch, said Federal Circuit Court sent the case for resolution to the Sixth Federal Circuit Court of the Auxiliary Center of the Third Region (*Sexto Tribunal Colegiado de Circuito del Centro Auxiliar de la Tercera Región*) with docket number 182/2015.

9. The Sixth Federal Circuit Court of the Auxiliary Center of the Third Region issued its judgment on Marnor's Direct Amparo claim on September 10, 2015. The Direct Amparo Judgment rejected Marnor's Direct Amparo claim and affirmed the Appeals Judgment.[3]

10. Marnor has filed a very exceptional recourse (recurso de revisión) with the Fifth Federal Circuit Court for the Fifteenth Circuit to appeal the Direct Amparo Judgment to the Federal Supreme Court of Mexico. Such an appeal, in principle, is only appropriate where the underlying judgment being appealed decides an issue regarding the constitutionality of a law or relies upon a direct interpretation of an article of the Mexican Federal Constitution. In fact, by Order dated October 26, 2015, the Fifth Federal Circuit Court for the Fifteenth Circuit received Marnor's recourse and indicated to the Federal Supreme Court (which shall receive the file with the recourse) that the Direct Amparo Judgment does not decide on the constitutionality of a law nor does it directly interpret an article of the Federal Constitution. Nonetheless, the appeal remains pending as of the date of this declaration.[4]

### B. Issue Decided in the Amparo Judgment

11. The main issue addressed in the Direct Amparo Judgment was Marnor's argument regarding clause 10.03 of the Credit Agreement. Marnor argued that the Credit Agreement and Promissory Notes should be governed by and construed in accordance with the laws of the State of New York, United States of America, as opposed to Mexican laws. Marnor maintained that because enforceability of its obligations could only be determined in accordance with the laws of the State of New York, WBC/Umami had to provide proof of said foreign laws in connection with the Foreclosure Claim, which, according to Marnor, they did not do.[5]

---

[3] Direct Amparo Judgment.
[4] Order dated October 26, 2015 in Amparo claim 1/2015 by the Fifth Federal Circuit Court of the Fifteenth Circuit (*Quinto Tribunal Colegiado del Décimoquinto Circuito*).
[5] Marnor's December 2012 Motion.

4

12. The Direct Amparo Judgment issued by the Federal Circuit Court, ruled that under Clause Twelfth (g) (i) of the Mortgages, if a default or event of default occurred and/or if any other Obligation was breached, then the Defendant would have the right to exercise all of the rights and remedies in foreclosure and others given to the Defendants by the provisions of the laws of the United Mexican States, without reference to United States law.[6]

13. The Trial Court's Judgment permitted the enforcement of the Mortgages under Mexican law. Said decision was affirmed in the Appeals Judgment. The effect of the Direct Amparo Judgment is that the Appeals Judgment is upheld, pending resolution of the very exceptional recourse of the Direct Amparo Judgment filed by Marnor.

14. If Marnor's very exceptional recourse is dismissed or is unsuccessful, the only remaining matters to be adjudicated in the Foreclosure Proceedings include the ministerial act of allocating the Vessels in satisfaction of Umami's claim and the liquidation of the interests, costs and other amounts due to Umami.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed in Mexico City on October 29, 2015.

*RODRIGO ZAMORA*

---

[6] Direct Amparo Judgment, page 112.

## Annex E

## List of Documents

*Documents Filed in Case No. 1:14-cv-10143 (CM)*

1. Plaintiffs' Complaint, dated December 29, 2014.

*Documents Filed in Case No. 29/2012*

2. WBC's Complaint (*Demanda*), dated August 16, 2012.
3. Initial Order Accepting WBC's Complaint, issued by the Tenth District Court in the State of Baja California (*Juzgado Décimo de Distrito en el Estado de Baja California*), dated August 24, 2012.
4. Notice left by the District Court Clerk with Marnor, dated August 27, 2012.
5. Payment request, attachment and service of process affidavit (*Diligencia de Requerimiento de Pago, Embargo y Emplazamiento*), dated August 28, 2012.
6. Marnor's Answer to the Claim (*Contestación de Demanda*), filed on September 11, 2012.
7. Marnor's Motion to Rule on WBC's Representative Power of Attorney (*Incidente de Falta de Personalidad*), dated September 11, 2012.
8. Marnor's Brief Presenting Evidence (*Contestación de Demanda*), dated November 6, 2012.
9. The Depositary's First Report, filed before the Tenth District Court in the State of Baja California (*Juzgado Décimo de Distrito en el Estado de Baja California*), dated November 8, 2012.
10. The Depositary's Second Report, filed before the Tenth District Court in the State of Baja California (*Juzgado Décimo de Distrito en el Estado de Baja California*), dated December 17, 2012.
11. Marnor's December 21, 2012 request to lift the attachment of the vessels.
12. Ruling denying Marnor's request, issued by the Tenth District Court in the State of Baja California (*Juzgado Décimo de Distrito en el Estado de Baja California*), dated December 26, 2012.
13. Trial Judgment (*Sentencia Definitiva de Primera Instancia*), issued by the Tenth District Court in the State of Baja California (*Juzgado Décimo de Distrito en el Estado de Baja California*), dated January 28, 2013.
14. The Depositary's Third Report, filed before the Tenth District Court in the State of Baja California (*Juzgado Décimo de Distrito en el Estado de Baja California*), dated January 28, 2013.
15. WBC's and Umami's Motion to Assign (*Exhibición de Convenio de Cesión de Derechos*), dated February 8, 2013.
16. Order accepting WBC's assignment in favor of Umami, issued by the Tenth District Court in the State of Baja California (*Juzgado Décimo de Distrito en el Estado de Baja California*), dated February 8, 2013.

17. Marnor's Appeal of the Trial Judgment dated January 28, 2013, as well of various additional orders (*Recurso de Apelación Contra Sentencia Definitiva de Primera Instancia y Apelaciones Preventivas*), dated February 14, 2013.
18. Umami's motion to liquidate ordinary and default interests, dated February 21, 2013.
19. Umami's motion to liquidate fees, dated February 21, 2013.
20. Judgment issued in Administrative Challenge (*Incidente en Revisión Administrativa*) 410/2012, by the Third Federal Circuit Court of the Fifteenth Circuit (*Tercer Tribunal Colegiado del Décimo Quinto Circuito*), dated April 11, 2013.
21. Ruling by the Eleventh District Court in the State of Baja California (*Juzgado Décimo Primero de Distrito en el Estado de Baja California*) in Amparo claim 644/2012, dated May 15, 2013.
22. Ruling by the Eleventh District Court in the State of Baja California (*Juzgado Décimo Primero de Distrito en el Estado de Baja California*) in Amparo claim 644/2012, dated May 21, 2013.
23. Fourth Federal Unitary Court of the Fifteenth Circuit's (*Cuarto Tribunal Unitario del Décimoquinto Circuito*) order in Appeals File 5/2013, dated May 24, 2013.
24. Fourth Federal Unitary Court of the Fifteenth Circuit's (*Cuarto Tribunal Unitario del Décimoquinto Circuito*) order in Appeals File 5/2013, dated June 3, 2013.
25. Judgment on Motion to Reverse an order dated May 20, 2013 (*Sentencia en Recurso de Reposición*), issued by the Fourth Federal Unitary Court of the Fifteenth Circuit (*Cuarto Tribunal Unitario del Décimoquinto Circuito*) in Appeals File 5/2013, dated June 11, 2013.
26. Judgment on Marnor's Appeal of an order dated October 3, 2012, and an interlocutory judgment dated December 24, 2012 (*Sentencia en Recurso de Apelación*), issued by the Fourth Federal Unitary Court of the Fifteenth Circuit (*Cuarto Tribunal Unitario del Décimoquinto Circuito*) in Appeals File 6/2013, dated July 19, 2013.
27. Judgment issued in Challenge 91/2013 (*queja*) by the Third Federal Circuit Court of the Fifteenth Circuit (*Tercer Tribunal Colegiado del Décimo Quinto Circuito*), dated March 4, 2014.
28. Judgment issued in Challenge 62/2014 (*queja*) by the Third Federal Circuit Court of the Fifteenth Circuit (*Tercer Tribunal Colegiado del Décimo Quinto Circuito*), dated May 15, 2014.
29. A Depositary's Expenses Report, filed before the Seventh District Court in the State of Baja California (*Juzgado Séptimo de Distrito en el Estado de Baja California*), dated August 19, 2014.
30. Judgment of the Eighth District Court in the State of Baja California (*Juzgado Octavo de Distrito en el Estado de Baja California*) in Amparo claim 644/2012, dated September 12, 2014.
31. The Depositary's Tenth Report, filed before the Seventh District Court in the State of Baja California (*Juzgado Séptimo de Distrito en el Estado de Baja California*), dated September 19, 2014.
32. Order acknowledging receipt of the Depositary's Tenth Report, issued by the Seventh District Court in the State of Baja California (*Juzgado Séptimo de Distrito en el Estado de Baja California*), dated September 23, 2014.
33. Marnor's comments to the Depositary's Tenth Report, dated September 23, 2014.

34. Order acknowledging receipt of Marnor's comments to the Depositary's Tenth Report, issued by the Seventh District Court in the State of Baja California (*Juzgado Séptimo de Distrito en el Estado de Baja California*), dated September 24, 2014.
35. Umami's brief regarding Marnor's comments to the Depositary's Tenth Report, dated October 1st, 2014.
36. Order acknowledging receipt of Umami's brief regarding Marnor's comments to the Depositary's Tenth Report, issued by the Seventh District Court in the State of Baja California (*Juzgado Séptimo de Distrito en el Estado de Baja California*), dated October 1st, 2014.
37. Marnor's challenge brief (*recurso de revisión*), filed in Amparo claim 644/2012, dated October 2, 2014.
38. The Depositary's Additional Report, filed before the Seventh District Court in the State of Baja California (*Juzgado Séptimo de Distrito en el Estado de Baja California*), dated October 13, 2014.
39. Order acknowledging receipt of the Depositary's Additional Report, issued by the Seventh District Court in the State of Baja California (*Juzgado Séptimo de Distrito en el Estado de Baja California*), dated October 15, 2014.
40. Marnor's request of information from the Depositary, dated October 21, 2014.
41. Order acknowledging receipt of Marnor's request of information from the Depositary, issued by the Seventh District Court in the State of Baja California (*Juzgado Séptimo de Distrito en el Estado de Baja California*), dated October 23, 2014.
42. Judgment on Marnor's Appeal of the Trial Judgment (*Sentencia Definitiva de Apelación*), issued by the Fourth Federal Unitary Court of the Fifteenth Circuit (*Cuarto Tribunal Unitario del Décimoquinto Circuito*) in Appeals File 5/2013, dated October 31, 2014.
43. Umami's request to continue the Foreclosure Proceedings, dated November 20, 2014.
44. Order acknowledging receipt of Umami's request to continue the Foreclosure Proceedings, issued by the Seventh District Court in the State of Baja California (*Juzgado Séptimo de Distrito en el Estado de Baja California*), dated November 25, 2014.
45. Marnor's Amparo claim (*Demanda de Amparo Directo*), dated November 25, 2014.
46. Marnor's comments to Umami's request to continue the Foreclosure Proceedings, dated December 5, 2014.
47. Umami's request to lift the suspension of the proceeding granted as a consequence of Marnor's Amparo claim, dated December 10, 2014.
48. Order lifting the suspension of the proceeding granted as a consequence of Marnor's Amparo claim, issued by the Fourth Federal Unitary Court of the Fifteenth Circuit (*Cuarto Tribunal Unitario del Décimoquinto Circuito*), dated December 12, 2014.
49. Order acknowledging receipt of Marnor's comments to Umami's request to continue the Foreclosure Proceedings, issued by the Seventh District Court in the State of Baja California (*Juzgado Séptimo de Distrito en el Estado de Baja California*), dated December 16, 2014.
50. Declaration filed by Carlos Loperena, dated May 21, 2015.
51. Declaration filed by Alonso Vega Rosas, dated May 21, 2015.
52. Direct Amparo Judgment issued on September 10, 2015, by the Sixth Federal Circuit Court of the Auxiliary Center of the Third Region (*Sexto Tribunal Colegiado de Circuito del*

   *Centro Auxiliar de la Tercera Región*) in assistance of the Fifth Federal Circuit Court of the Fifteenth Circuit (*Quinto Tribunal Colegiado del Décimoquinto Circuito*).
53. Order dated October 26, 2015 in Amparo claim 1/2015 by the Fifth Federal Circuit Court of the Fifteenth Circuit (*Quinto Tribunal Colegiado del Décimoquinto Circuito*).