ILAN ROSENBERG
IROSENBERG@GORDONREES.COM
DIRECT DIAL: (215) 717-4026
DIRECT FAX:  (215) 253-5111

**GORDON & REES** LLP

ATTORNEYS AT LAW
ONE COMMERCE SQUARE
2005 MARKET ST., SUITE 2900
PHILADELPHIA, PA 19103
PHONE: (215) 561-2300
FAX:    (215) 693-6650
WWW.GORDONREES.COM

March 4, 2016

**BY ECF**

The Honorable Colleen McMahon
United States District Court for the
   Southern District of New York
Daniel Patrick Moynihan
United States Courthouse
500 Pearl Street
New York, NY  10007-1312

       Re: Maricultura del Norte, S. de R.L. de C.V., et al.  v. WorldBusiness Capital, Inc. , et al.
           Case No. 1:14-cv-10143(CM)

Dear Judge McMahon:

    Plaintiffs Mariculutra del Norte, S. de R.L. de C.V. and Servax Bleu S. de R.L. de C.V. respectfully submit this letter brief in response to Defendants Amerra Capital Management, LLC ("Amerra") and Craig A. Tashjian's ("Tashjian") motion pursuant to Fed. R. Civ. P. 12(c) for an order dismissing Plaintiffs' breach of contract claim against Tashjian individually (D.E. 111).

    In deciding a Rule 12(c) motion on the pleadings, the Court employs the same standard applicable to dismissals pursuant to Fed. R. Civ. P. 12(b)(6). *Johnson v. Rowley,* 569 F.3d 40, 43 (2d Cir.2009).  Thus, the Court must accept all factual allegations in the complaint as true and draw all reasonable inferences in Plaintiffs' favor.  *Id.*

    As Amerra and Tashjian point out in their letter brief, corporate officers who cause a breach of contract between their corporate principal and a third party are generally immune from personal liability.  *Murtha v. Yonkers Child Care Ass'n, Inc.*, 45 N.Y.2d 913, 915 (1978). Amerra and Tashjian acknowledge, however, that the rule is not absolute and yields when the individual officer acts in bad faith, committing torts or predatory acts against another.  *Id.*  The exception is consistent with the principle that a corporate officer who participates in the commission of a tort may be held individually liable regardless of whether the corporate veil is pierced and/or the officer seeks personal gain.  *See, e.g.*, *Espinosa v Rand,* 806 N.Y.S.2d 186, 24 A.D.3d 102, 102 (2005); *Marine Midland Bank v Russo Produce Co.,* 50 N.Y.2d 31, 44 (1980).

    The Complaint contains numerous factual allegations of (a) malicious intent/bad faith and (b) tortious and predatory acts committed by Tashjian.  *See*, *e.g.*, Compl. at ¶¶ 149-165, 279,

March 4, 2016
Page 2

291-293, 373-405.  Therefore, from its inception, the Complaint alleged facts supporting a claim against Tashjian in his individual capacity.

      Plaintiffs acknowledge that the Court has dismissed the tort claims in this action.  Such dismissal, of course, remains subject to potential reconsideration by the Court (including in light of facts that may emerge through discovery, which has only recently commenced) as well as appellate review.  Plaintiffs therefore contend that the better course of action is to deny Tashjian's motion without prejudice to moving for summary judgment at the close of discovery.  Should the Court nevertheless decide to grant the motion at this time, we ask that the Court make clear that such dismissal is not intended to prejudice Plaintiffs' ability to seek to rejoin Tashjian for good cause should such a motion be warranted in light of the facts developed through discovery.

      We appreciate Your Honor's consideration.

      Respectfully,

      GORDON & REES LLP

      Ilan Rosenberg

IR:

cc:    All counsel of record (via ECF)