UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------x

MARICULTURA DEL NORTE, S. DE R.L. DE
C.V. and SERVAX BLEU, S. DE R.L. DE C.V.,

        Plaintiffs,

        -against-

WORLDBUSINESS CAPITAL, INC.; UMAMI
SUSTAINABLE SEAFOOD, INC.; CRAIG A.
TASHJIAN; and AMERRA CAPITAL
MANAGEMENT, LLC,

        Defendants.

No. 14 Civ. 10143 (CM)

3/2/20

## ORDER REGARDING CUSTOMS FEE PORTION OF THE AMENDED JUDGMENT

McMahon, C.J.:

On February 14, 2020, this Court decided motion for a turnover order and a writ of execution filed by creditor Servax Bleu, S. de R.L. de C.V. ("Servax") seeking the balance of the Amended Judgment, as well as Rule 60 motions from both sides seeking to reopen and revise the Amended Judgment. *See Maricultura del Norte, S. de R.L. de C.V. v. Worldbusisness Capital, Inc.*, No. 14 Civ.10143, 2020 WL 747207 (S.D.N.Y. Feb. 14, 2020) (Dkt. No. 306; the "Rule 60 Order").

Judgment debtor Umami Sustainable Seafood, Inc. ("Umami") sought a reduction in the judgment equal to: (i) the value of a settlement reached between creditor Servax Bleu, S. de R.L. de C.V. ("Servax") and Umami's co-defendant, Worldbusiness Capital, Inc.; (ii) an interest judgment entered in Umami's favor (the "Mexican Interest Judgment") in the related foreclosure proceeding brought against Servax's co-plaintiff, Maricultura del Norte, S. de R.L. de C.V. ("Marnor") in a Mexican court; and (iii) a $750,000 tax assessment owed by Marnor to the Mexican Tax Authority (the "Customs Fee"), which Marnor has yet to pay, and which a Mexican Administrative Court nullified on June 28, 2019, as well as $174,759.99 in associated prejudgment interest. (Dkt. No. 277.) Servax sought to reopen and increase the Amended Judgment by $1,638,833.32 to account for an award of attorneys' fees and costs that Umami obtained from the Mexican Court against Servax's co-plaintiff after this Court entered the Amended Judgment. (Dkt. No. 286.)

The Court denied Servax's motion, granted Umami's motion with respect to the settlement, and denied Umami's motion with respect to the Mexican Interest Judgment. (*See*

1

Rule 60 Order.) With respect to Servax's writ motion, the Court found that Servax was entitled to a portion of the judgment "with the exact amount to be determined." (*Id.* at 15.)

As for Umami's motion to reduce the Amended Judgment by the amount of the Customs Fee, while Umami claimed that plaintiffs no longer had any tax liability, and, in addition, that Umami had paid any fees that the Mexican authorities might impose on Marnor's fleet, the Court did not find that Umami had met its burden to present "highly convincing" evidence in support of its motion. *Thai-Lao Lignite (Thailand) Co., Ltd. V. Gov. of Lao People's Dem. Republ.*, 864 F.3d 172, 182 (2d Cir. 2017) (internal quotation marks omitted).

According to Umami, Marnor could no longer be taxed. (Dkt. No. 293, Padilla Decl. ¶ 10.) According to Servax and Eduardo Diaz Gavito (an expert in trade and customs law), as of September 13, 2019, Marnor might still be subject to a tax reassessment for four more months. (Dkt. No. 289, Gavito Decl. ¶ 24.) Beyond Umami's word that there would be no further taxes levied against Marnor, and Servax's failure to present evidence of a reassessment, the Court no means to determine whether Marnor might be held liable for the Customs Fee.

Therefore, the Rule 60 Order gave "the parties ten business days to provide [the Court] with evidence either that the tax is being reimposed or that is has been permanently vacated and cannot be reimposed under Mexican law." (Rule 60 Order at 12.) Umami's Rule 60 Motion with respect to the Customs Fee was held in abeyance until that time.

On February 28, 2020, Servax stipulated that it "has no evidence or information indicating that the Mexican tax authorities reinitiated the assessment of customs penalties against Marnor," and reduced its request for the balance of the Amended Judgment accordingly. (Dkt. No. 307.)

Consistent with this Court's Rule 60 Order, Servax is therefore entitled to the value of the Amended Judgment minus the WBC Settlement and the Customs Fee, plus associated interest. In light of the fact that Marnor never paid any fraction of the Customs Fee, Servax shall not be entitled to any interest associated with the Customs Fee that accrued prior to its vacatur.

SO ORDERED.

Dated: March 2, 2020

Chief Judge